IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SYLVIA JONES, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MOUNTAIN RUN SOLUTIONS, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   CASE NO. 2:20-CV-879-WKW <br> )                      [WO] <br> ) <br> ) <br> ) <br> ) |

# **ORDER**

Before the court is Plaintiff Sylvia Jones's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Doc. # 13.) Having obtained an entry of default from the Clerk of the Court (Doc. # 11), Plaintiff seeks a default judgment against Defendant Mountain Run Solutions, LLC ("MRS") on Counts 1 and 2 of her complaint. Because "all essential evidence is already of record," *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (citation and quotation marks omitted), the motion is due to be granted without the need for an evidentiary hearing.

Plaintiff alleges that MRS has attempted to collect a debt that was incurred primarily for her personal, family, or household purposes. (Doc. # 1 at 6.) MRS sent Plaintiff a collection letter regarding the debt, purportedly owed to

"Monitronics" and with an outstanding balance due in the amount on $1,372.30. (Doc. # 1 at 6–7.)  The letter demanded immediate payment and threatened to report the debt to national credit reporting bureaus.  (Doc. # 1 at 8.)  Plaintiff alleges that the letter was therefore false, deceptive, or misleading in violation of the Fair Debt Collection Practices Act ("FDCPA").  (Doc. # 1 at 9–10.)

Based upon the complaint and the exhibit attached thereto, the court finds that all requirements are satisfied for the entry of default judgment in Plaintiff's favor. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (cleaned up)).  First, the court finds that MRS is a debt collector as defined by 15 U.S.C. § 1692a(6) and that Plaintiff is a consumer as defined in 15 U.S.C. § 1692a(3).  MRS attempted to collect from Plaintiff a debt incurred or purportedly incurred for personal, family, or household purposes within the meaning of 15 U.S.C. § 1692a(5).

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" is specifically prohibited by the FDCPA.  *See id.* § 1692e(10).

Additionally, a debt collector is required to provide certain information to the consumer:

> (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, if disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer . . . ; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). The debt collector fails to perform this duty if the letter is vague, confusing, or contradictory. Threatening to report a debt to a credit reporting bureau before the thirty days have expired or demanding immediate payment before the consumer has an opportunity to exercise her rights are the two most fundamental ways of unlawfully contradicting the § 1692g(a) notice. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) ("The question is whether, from the perspective of the least sophisticated consumer, language contained in the notice overshadowed or contradicted the mandatory validation notice; if so, then the Act is violated."). MRS's notice fails for exactly the reasons discussed in *Russell*: It demands immediate payment, and it threatens to report the debt to a credit reporting bureau. (Doc. # 1-1.)

"Once it is shown that defendant sent the . . . notices and that they failed to fulfill the requirements of the Act, strict liability is imposed." *Russell*, 74 F.3d at 36. Statutory damages of $1,000 are authorized, and an award of attorney's fees and costs is required if Plaintiff is the prevailing party. *See* 15 U.S.C. § 1692k(a). Plaintiff's counsel has submitted a sworn statement that fees and costs in the amount of $3,632 were incurred in this litigation. (Doc. # 13-1.) The court finds that these fees and costs were reasonable.

Accordingly, it is ORDERED:

(1)   Plaintiff's motion for default judgment (Doc. # 13) is GRANTED.

(2)   Default judgment is entered in favor of Plaintiff and against Defendant Mountain Run Solutions, LLC, on Counts 1 and 2.

(3)   Plaintiff shall recover from Defendant a total of $4,632—representing $1,000 in statutory damages, $3,010 for reasonable attorney's fees, and $622 in costs.

(4)   All remaining claims by putative class members are DISMISSED without prejudice.

An appropriate final judgment will be entered separately.

DONE this 22nd day of November, 2021.

                                      /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE